## WICKER v. WICKER.

WILLS—LIMITATIONS OF ACTIONS.—A devise of all the real property of testator to his wife, "to her sole use and enjoyment during her natural life * * * And I will that the lands hereinafter devised to my children in remainder shall be governed by the same rule of transmission, that is to say, that if any child of mine shall die before me or before my said wife, his or her child or children shall have in remainder after the termination of wife's estate or life, the share of land which the deceased parent of such child or children would have taken under this will had such parent survived me and my wife," vests in a son of testator at his death a transmissible interest in remainder, and upon son's dying during life of life tenant, at falling in of life estate, this fee passes to the heirs at law of the son.

Before DANTZLER, J., Newberry, January, 1904. Affirmed.

Action by Anne Elizabeth Wicker *et al.* against Amelia P. Wicker. From Circuit decree, plaintiffs appeal.

*Messrs. Mower & Bynum,* for appellants, cite: 2 Black. Com., 168; 1 Hill Ch., 259; 1 Strob. Eq., 44; 10 S. C., 386; 20 S. C., 76; 23 S. C., 512; 7 Rich. Eq., 107; 10 Rich. Eq., 392; 26 S. C., 561; 6 Rich. Eq., 26, 83; Speer's Eq., 320; 26 S. C., 464; 34 S. C., 74; 23 S. C., 225; 90 Me., 246; Dud. Eq., 218; 19 S. C., 336; 20 S. C., 587; 22 S. C., 328; 23 S. C., 512; 26 S. C., 462; 29 S. C., 17; 2 Hill Ch., 638;

3—70.

3. Rich. L., 12; 9 Rich. Eq., 249; 19 S. C., 160; 21 S. C., 513; 23 S. C., 224, 512.

*Messrs. Hunt, Hunt & Hunter,* contra, cite: Jarman on Wills, 3 ed., 406, 408, 416; 24 Ency., 2 ed., 392; 1 Strob. Eq., 43; 6 Wall., 458; 116 Ala., 265; 109 Ind., 540: 5 Mass., 537; 89 Me., 128; 25 Wend., 143; 10 Tex., 572; 113 U. S., 375; 120 Ill., 362; 24 Ency., 2 ed., 393; 129 Ind., 59; 24 Ency., 2 ed., 393; 72 Ga., 859; 18 R. I., 464; 147 Mass., 13; 99 Ill., 529; 143 Ind., 337; 24 Ency., 2 ed., 394; 133 Ala., 437; 144 Ind., 573; 161 N. Y., 478; 48 W. Va., 255; 104 Wis., 294; 21 S. C., 527; 4 Kent., 205; 7 A. & E., 636; 4 Rich. Eq., 298; 2 S. C., 78; 9 Ves., 233; 1 Jam. on Wills, 739; 1 DeS. Eq., 327; 1 Ves., 165; 26 S. C., 472.

October 27, 1904. The opinion of the Court was delivered by

Mr. Chief Justice Pope. The question presented by this appeal is the construction of the will of one Jacob Wicker, who departed this life in the year 1890, having made his will in 1883, and added a codicil in 1884. The construction of the will and codicil sought is whether the children of the testator, being alive at the death of the testator, took their shares of lands as vested transmissible estates, or whether on the death of Thomas L. Wicker, during the lifetime of the testator's widow, his share of lands of the testator passed to his (testator's) widow and his children other than Thomas L. Wicker. At the hearing before Judge Dantzler, on Circuit, he construed the will and codicil, by its terms, vesting the lands in fee simple in all testator's children living at testator's death, subject to having said estate divested in case any one of such children died during the life estate of testator's widow, with a child or children living; in which last contingency such child or children of the deceased child of testator would take the dead child's share. From this decree of Judge Dantzler the plaintiffs appealed on the following grounds:

"I. Because his Honor erred in deciding that Thomas L. Wicker took a vested interest in remainder under the will of his father, Jacob Wicker, in the land in controversy at the time of the testator's death.

"II. Because his Honor erred in deciding that at the death of the testator, all the children then living took vested remainders, subject, however, to be divested in case they died during the life tenancy of Anne Elizabeth Wicker, leaving issue in favor of such issue.

"III. Because his Honor erred in holding that the second clause of the testator's will is not intended to postpone the vesting of the remainder in the children of the testator to the death of the life tenant.

"IV. Because his Honor erred in not deciding that Thomas L. Wicker having died before his mother, the life tenant, took no interest in the lands in controversy under the will of his father.

"V. Because his Honor erred in not deciding that the death of the life tenant—not that of the testator—is the period which must be looked to in order to determine who must take under the will of Jacob Wicker.

"VI. Because his Honor erred in deciding that the defendant was entitled to any interest in the lands in controversy."

The six grounds of appeal will be considered together. We will now reproduce the will and codicil:

"The State of South Carolina, County of Newberry.

"I, Jacob Wicker, of the said county and State, do make and declare the following to be my last will and testament, for the disposition of my property, both real and personal, to take effect at my death.

"I. I devise and bequeath all my property, both real and personal, except the personal property hereinafter otherwise disposed of to my wife Anne Elizabeth Wicker, to her sole use and enjoyment during her natural life.

"II. After the death of my said wife, I direct that all my personal estate hereinabove willed to her, and then re-

maining unconsumed by use or natural decay, be divided equally among my children then surviving and the child or children of any child or children of mine that shall die before me or before my said wife, so that the children or child of any deceased child shall have the share of such property to which his, her or their parent would have been entitled under this will had such parent survived me. And I will that the lands hereinafter devised to my children in remainder shall be governed by the same rule of transmission, that is to say, that if any child of mine shall die before me or before my said wife, his or her child or children shall have in remainder after the termination of the wife's estate for life, the share of land which the deceased parent of such child or children would have taken under this will had such parent survived me and my wife.

"III. I direct that after the death of my said wife, all of my real estate be divided among my children in the following parcels, to wit: my son, Henry Munro Wicker, shall have one tract, containing two hundred and 58-100 acres, according to plat by Thomas M. Lake hereto attached, bounded by * * * and he shall also have in fee simple absolute that tract containing twenty-two acres, according to the plat of the same by Thomas M. Lake hereto attached, and bounded by * * *. My son, John P. Wicker, shall have the part of the Bates place containing fifty-eight acres, according to plat by Thomas M. Lake hereto attached, and bounded by * * * and the said John P. Wicker shall also have in fee simple absolute, the Hutchison place, containing one hundred and twenty-seven and one-half acres, according to plat by Thomas M. Lake hereto attached, and bounded by * * *. My son, Thomas L. Wicker, shall have that part of the Bates land, containing seventy-three and three-fourths acres, according to plat by Thomas M. Lake hereto attached, and consisting of two parcels, one containing sixty-nine and one-half acres, and bounded by * * * and the other containing four and one-fourth acres and bounded by * * *. These two parcels being con-

nected by road which I hereby will to be used by the said Thomas L., his heirs and assigns, as a right and franchise belonging to the said two parcels of land just described; and the said Thomas L. Wicker shall also have in fee simple absolute one of the two Brooks places now owned by me, containing one hundred acres, and bounded by  *  *  *. My daughter, Nancy P. Suber, shall have in fee simple absolute that parcel of land containing ninety-one and one-third acres, according to plat by Thomas M. Lake hereto attached, and bounded by  *  *  *; and she shall also have that parcel, part of home place, containing eighteen and one-half acres, according to plat by Thomas M. Lake hereto attached, and bounded by  *  *  *. My daughter, Sarah E. Felker, shall have in fee simple absolute, that parcel containing one hundred and five acres, according to the plat by Thomas M. Lake hereto attached, and bounded by * * *. My daughter, Margaret C. Harmon, shall have in fee simple absolute, that tract of one hundred acres of the Brooks land, bought by me at sale by the master for Newberry County, bounded by  *  *  *.

"IV. I bequeath to each one of my said sons, a bed, bedding and bedstead, to be given immediately after my death to such one or ones of them as shall not receive such property from me or my wife during my lifetime.

"V. My wife shall have the right after my death and so long as she lives to use and cultivate all my said real estate as she may see fit and to make use of any timber for fire wood, fences or repairs of buildings and also to clear any land she may desire for cultivation.

"VI. I hereby appoint my sons, Thomas L. Wicker and John P. Wicker, executors of this my last will and testament.

"VII. I hereby revoke all wills heretofore made by me.

"VIII. The foregoing disposition of my property embraces the lands this day conveyed to me by my said wife.

"IX. The devises of land in remainder to my said sons above set forth shall be subject in their hands and in the

hands of their heirs or assigns to the following charges, to equalize as far as practicable my said daughters with my said sons, to wit: My son, Henry Munro, shall pay to my daughter, Margaret C. Harmon, three hundred dollars; my son, John P., shall pay to my daughter, Sarah E. Felker, two hundred and seventy-five dollars; and my son, Thomas L., shall pay to my daughter, Nancy P. Suber, two hundred and twenty dollars.

"In witness whereof I have hereunto set my hand and seal this 19th day of November, A. D. 1883.

his

"Signed Jacob X Wicker (L. S.)"

mark

"South Carolina.

"I, Jacob Wicker of Newberry County in said State having made my last will and testament bearing date the 19th day of November Anno Domini 1883 do now make this codicil to be taken as a part of the same.

"1. I hereby ratify and confirm said will in every respect save so far as any part of it is inconsistent with this codicil.

"2. It appearing to my satisfaction that the tract of land described to my son Thomas L. Wicker in third clause of my said will, known as one of my two Brooks tracts, does not contain one hundred acres as was supposed to be the case when said will was executed, but contains only about eighty-four acres, now I hereby will and devise to my said son Thomas L. Wicker nine acres of land absolutely and in fee to be taken and cut off from the remaining Brooks tract, which was devised under the said third clause of my said last will to my daughter Margaret C. Harmon, so that there shall be a more equal division of the said two Brooks tracts between my said son Thomas L. Wicker and my said daughter Margaret C. Harmon—the said nine acres to be cut off along the boundary line of the said two tracts of land.

"In witness whereof I, Jacob Wicker have to this codicil to my last will and testament subscribed my name and set my seal this 24th day of May Anno Domini 1884."

In order that there may not be any misconception of the different dates, we will repeat them: Jacob Wicker, the testator, died in 1890, survived by all of his children, to wit: Henry, John and Thomas L. Wicker, Nancy P. Suber, Sarah E. Felker, Margaret C. Harmon, and also his widow, Mrs. Ann E. Wicker. Thomas L. Wicker and John P. Wicker caused the will to be admitted to probate in 1890. The widow, Mrs. Ann E. Wicker, took possession of the real and personal estate of her husband, Jacob Wicker, immediately after his death. All of the children of Jacob E. Wicker, the testator, had children except Thomas L. Wicker. He was married in his father's lifetime, and died in the year 1899, leaving his wife, Amelia M. Wicker, his mother and his brothers and sisters, as his only heirs at law. The question now is, was he vested with the lands laid out in his father's will for him. Judge Dantzler says in his decree that he was vested in remainder in said lands on the death of his father, Jacob Wicker. The Circuit Judge says he reaches this conclusion from a study of the whole will. He especially grounds his conclusions upon a study of the third and second clauses of the will and codicil. He holds that the third clause is the devising clause. This view is supported, he thinks, not only by its own words, but also by the language of the codicil. The Circuit Judge holds that if Thomas L. Wicker had died before the life tenant and had left child or children, such child or children would have divested the father, Thomas L. Wicker. It certainly was peculiar that the plats of land devised to each one of his children by Jacob Wicker were found attached to his last will and testament. So far as his son, Thomas L. Wicker, was concerned, the codicil in its second clause referred to the one-half of Brooks land set out in third clause of the will, speaks of it as "the tract of land *devised* to my son, Thomas L. Wicker, in third clause." It will be observed that no devise of testator's lands is provided to testator's children *as a class*. In clause three of the will each child is given his or her specific tract or tracts of land. It seems,

therefore, that the testator, when he speaks of what is to take place after his wife's death, refers, and means to refer, to the death of the wife *as the time when possession* will be taken by testator's children. It is well known that unless the language of the will requires the contrary, the law prefers a vesting of the remainder after and at the death of the testator.

When we have a case on all fours with the present it will govern; it seems that the case of *Boykin* v. *Boykin,* 21 S. C., 513, is on all fours with the case at bar. In the case last cited, Mr. Boykin by his will provided: "I direct that all the rest of my real estate shall be kept undivided until the death of my wife, to be worked by the slaves of my estate and those which I shall in this bequeath to my wife, under the control and management of my executors; and from and immediately after her death, I devise the said real estate to my sons, equally to be divided among them, share and share alike, to them and their heirs forever. And should any of my sons die before the time herein appointed for the division of my real state, and should leave issue living at that time, then I direct that such issue shall take amongst them, share and share alike, the same portion of real estate to which their parent would have been entitled if he had survived my said wife, to them and their heirs forever. And if any of my said sons shall arrive at the age of twenty-one years before the death of my said wife, I direct that such son or sons shall be permitted to cultivate, each for himself, such a part of real estate as shall be allotted for that purpose by my wife and executors until the final division, when he or they shall receive his or their own share." The Court held, in constructing such provision of the will, that the devise created vested interests in the sons living at the death of the testator, and only *division and possession* were postponed to the death of the widow; therefore, the interest of two sons who died intestate without issue after the testator but before the widow, vested in their mother and other heirs at law.

Thus, in the case at bar, Thomas L. Wicker having lived after the death of the testator, but having died before his mother as life tenant, intestate, his share of lands received as devisee under his father's will, remained for partition among his widow, Amelia E. Wicker, and his brother and sisters, that is to say, one-half thereof to his widow, Amelia, and the other half to his brothers and sisters, share and share alike.

The decree of the Circuit Judge must be affirmed.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed